IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 14, 2017 Session[1]

## IN RE: STONEY'S BAIL BONDING, INC.

**Appeal from the Circuit Court for Maury County**
No. 23281    David L. Allen, Stella Hargrove, Robert L. Jones, and J. Russell Parks,
Judges

_____

**No. M2016-01246-CCA-R3-CD**
_____

This is an appeal by Stoney's Bail Bonding, Inc., ("Stoney's") of an order of the Maury County Circuit Court, sitting *en banc*, which denied Stoney's Renewed Motion for Relief from Bond. Stoney's argues the single issue that the trial court erred in its application of Tennessee Code Annotated section 40-11-201(c) because the State failed to commence extradition proceedings, as previously ordered by the *en banc* panel. Following our review of the record, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court, sitting *en banc*, Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Charles M. Molder, Columbia, Tennessee, for the appellant, Stoney's Bail Bonding, Inc.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Brent Cooper, District Attorney General; and M. Caleb Bayless, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The procedural history resulting in the bond forfeiture in this case is not in dispute. The defendant, Jorge P. Estrada, failed to appear for a scheduled appearance in the Maury

---

[1] The court heard oral arguments in this case on March 14, 2017, at Belmont University College of Law in Nashville, Tennessee.

County Circuit Court on October 31, 2014. Stoney's was the defendant's surety on his $50,000 bond. The Circuit Court properly revoked Mr. Estrada's bond and entered an order of conditional forfeiture on November 12, 2014. That same day, a *scire facias* was executed on Stoney's, triggering the 180 day period for Stoney's to "show cause to the contrary or bring the body of [Mr. Estrada]" or forfeit the bond. *See* T.C.A. § 40-11-139(b). Here is where the dispute begins.

On May 1, 2015, Stoney's filed a "Motion for Relief From Bond, or In the Alternative, Motion for Extension of Time from Which Conditional Forfeiture Becomes Final." Deciding alone, Judge Robert L. Jones granted Stoney's a ninety-day extension on May 11, 2015, conditioned upon Stoney's depositing $25,000 with the Maury County Circuit Court Clerk's office. There is no transcript in the record of this hearing. Thus, we are left to ponder on what proof the trial court based its conclusions. Stoney's filed under seal an affidavit of its agent, Kendall Vandiver, with the motion. We are unable to determine if it the trial court considered the affidavit before entering its May 11, 2015 order. The order did not release Stoney's from its additional $25,000 obligation. A final forfeiture hearing was set for August 11, 2015.

While there is no transcript in the technical record, apparently a final hearing was conducted before an *en banc* panel ("the panel") of the Circuit Court for the 22nd Judicial District on October 30, 2015. For reasons not at all clear, the State did not appear at this hearing. The panel's resulting order indicates that Stoney's provided the panel with information supporting its continued devotion of "resources, time and financial, to locate and procure [Mr. Estrada]." Further, the panel found that Stoney's had communicated with the Office of the District Attorney for the 22nd Judicial District on several occasions, notifying the office of Mr. Estrada's "exact location within the country of Mexico and other pertinent information which would have assisted in the extradition process and ultimate apprehension of [Mr. Estrada]." The order also indicates that Stoney's, through its agent Mr. Vandiver and attorney Charles M. Molder, in some way informed the panel that the District Attorney's Office "rela[yed] to Stoney's that it would seek a 'Governor's Warrant;' however these efforts began at a time prior to the known location of [Mr. Estrada]." The panel granted partial relief to Stoney's by exonerating them of $25,000 of the total $50,000 bond, pursuant to the court's discretionary powers provided by Tennessee Code Annotated section 40-11-203. The panel further reserved ruling on the remaining $25,000 and "finds the District Attorney General shall have thirty (30) days from the date of the entry of this Order to commence extradition proceedings."

After the passage of thirty days, Stoney's filed the motion which is the subject of this appeal. In the motion, Stoney's argued that the amended language of Tennessee Code Annotated section 40-11-201(c) required the panel to relieve Stoney's from its full obligation for the total bond. All the parties, including the State, appeared at a hearing on February 12, 2016, before the panel. The panel entered an order denying Stoney's

request, in all respects, to recover the remaining $25,000 bond proceeds. The technical record contains no transcript of this hearing; thus, again, we are left to ponder as to whether any of the findings of the lower court were based on evidence or simply arguments of counsel. It is from this Order that Stoney's now appeals.

*Analysis*

Stoney's argues that the panel erred in failing to fully exonerate them from the bond pursuant to Tennessee Code Annotated section 40-11-201(c) (amended 2015). Stoney's position is that because Mr. Estrada is now in Mexico, the United States–Mexico Extradition Treaty, P.I.A.S. No. 9656, 31 U.S.T. 5059, is in play. This treaty requires a "provisional arrest warrant" to be procured. Stoney's argues that it has no authority or ability to begin this process as that authority rests solely and exclusively with the office of the District Attorney. Because the "detainer request [was] refused," then the surety, in this case Stoney's, "shall not be liable in the undertaking." T.C.A. § 40-11-201(c). The State maintains that there is no proof that a detainer, extradition, or habeas corpus was "filed against Mr. Estrada with the detaining authority," and, thus, Tennessee Code section 40-11-201(c) is not invoked. The State further argues that only a department of the Federal Government can request international extraditions.

As previously mentioned, the record before us contains no transcripts of any of the aforementioned hearings on Stoney's various motions. The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," *see* Tenn. R. App. P. 24(b). Failure to do so risks waiver of the issue. *See Ballard*, 855 S.W.2d at 561. In the absence of an adequate record on appeal, this Court must presume that the panel's order denying Stoney's request to be exonerated is accurate. *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (creating a "presumption that the missing transcript would support the ruling of the trial court") (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)).

The judgment of the *en banc* panel is affirmed.

_____
TIMOTHY L. EASTER, JUDGE